**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In Re:   Doris Wilmot aka Doris Walter | Case No. 19-10903-BFK<br>Chapter 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF BUNGALOW SERIES F TRUST , Movant

vs.

Doris Wilmot aka Doris Walter, Debtor
Jack W. Wilmot JR., Non-Filing Co-Debtor
Thomas P. Gorman, Trustee
            Respondent(s)

**CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY**

This matter is scheduled to be heard before the court on **August 28, 2019**, on the Motion of U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF BUNGALOW SERIES F TRUST , Movant, by its attorney Dinh Ngo, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated July 7, 2004 and recorded amount the land records of County of County of Fairfax, Virginia, and which encumbers the property of the Debtors at 2236 Coppersmith Sq, Reston, Virginia 20191, and more particularly described as follows:

Exhibit A

Legal Desciption:

Commonly known as: All that certain lot or parcel of land, located in the County of Fairfax, and being more particularly described as follows: Lot 40, Block 1, (Sawyers Cluster), Reston, Section 50, as the same is duly dedicated, platted and recorded in Deed Book 3774, at page 121, and rededicated, platted and recorded in Deed Book 4111, at page 171, among the land records of Fairfax County, Virginia

18-703530

Upon consideration of which, it is

**ORDERED**

1. The Debtor will resume making regular monthly installment payments in the amount of $1,039.32 as they become due commencing on September 1, 2019.

2. The Debtors shall cure the post-petition arrearage currently due to the Movant from April, 2019 through August, 2019; in the total amount of $6,227.60, which includes current bankruptcy legal fees and costs of $1,031.00 by making the following payments:

    The Debtor shall cure the post-petition arrearage currently due to the Movant from April, 2019 through August, 2019; in the total amount of $6,227.60 to be cured by an amended Chapter 13 plan. The amended Chapter 13 plan shall be filed with the within 21 days of entry of this order, the amended Chapter 13 plan must be approved by the court within 120 days of this order, and the arrearage is to be paid out by the Trustee. It is further ordered and agreed that the Movant, upon receipt of the aforesaid amended plan, shall be allowed to file an amended proof of claim reflecting both the pre-petition and post-petition arrears to be paid pursuant to this consent order. Movant shall amend its filed Proof of Claim for the post-Petition arrearages set for above, within 60 days from the entry of this Order. In the event Movant does not file or amend its claim for those post-petition arrearage within the aforementioned period, Debtor's counsel is then authorized to file the supplemental Proof of Claim on Movant's behalf in the amount provided for in this Order. The Trustee and creditors reserve the right to object to the amended plan contemplated by this order.

3. In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;
        i. Cure the default;
        ii. File an objection with the court stating that no default exists; or
        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that is has complied with the terms of this

18-703530

      order, and that the court may grant relief from the automatic stay without further notice to the debtor; and

    f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorney's fees in the amount of $100.00 for issuance of a notice of default, and an additional $100.00 for the issuance of a certificate of default and preparation of an order terminating the automatic stay.

DONE at **Alexandria**, Virginia

Dated: Aug 29 2019

/s/ Brian F. Kenney
_____
Judge, U.S. Bankruptcy Court
Eastern District of Virginia

Entered on Docket: August 29, 2019

SEEN AND CONSENTED TO:
_____

/s/ Dinh Ngo, Esq.
Dinh Ngo, Esq.
312 Marshall Avenue, #800

18-703530

Laurel, MD 20707
VSB #85661
301.490.1196
*Attorney for Movant*

/s/  Nathan A. Fisher                    (by Dinh Ngo, Esq. with permission from Nathan A.
Nathan A. Fisher                          Fisher based on FAX/email)
Fisher-Sandler, LLC
3977 Chain Bridge Road, #2         X    /s/ Dinh Ngo
Fairfax, Virginia  22030
Telephone: (703) 691-1642
*Attorney for Debtor*

Seen with reservation of right to object to modified Plan:

/s/  Thomas P. Gorman
Thomas P. Gorman                      (by Dinh Ngo, Esq. with permission from
300 N. Washington St. Ste. 400     Thomas P. Gorman based on FAX/email)
Alexandria, Virginia  22314
Telephone (703) 836-2226           X      /s/ Dinh Ngo
*Trustee*

### Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/  Dinh Ngo, Esq.

### Certification

The undersigned certifies that the foregoing Order Granting Relief from Stay is in substantial compliance to the form order required by the Administrative Order and that no modifications, additions, or deletions have been made.

/s/  Dinh Ngo, Esq.

**PARTIES TO RECEIVE COPIES**

Doris Wilmot aka Doris Walter
2236 Coppersmith Square
Reston, Virginia  20191

18-703530

Jack W. Wilmot JR.
2236 Coppersmith Sq
Reston, Virginia  20191

Copies will be sent electronically via the CM/ECF system to Nathan A. Fisher, Attorney for Debtor and Thomas P. Gorman, Trustee.

18-703530